**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                                      **06-CR-284S**

**JOSE LAO,**

        **Defendant.**
_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny in accordance with 28 U.S.C. § 636(b)(1) for all pretrial matters and hear and report upon dispositive motions.

The defendant, Jose Lao, ("the defendant") is charged in a Superseding Indictment with having violated Title 21 U.S.C. §§ 846 (Count 1) and 841(a)(1) (Count 2). (Docket #128). There are nine other co-defendants similarly charged, some of whom are also charged with having violated Title 21 U.S.C. §§ 841(A)(1) and 841(b(1)(B) and Title 18 U.S.C. § 2. (Docket # 128).

The defendant has filed an omnibus discovery motion wherein he seeks: (1) "discovery and inspection pursuant to Rules 12 and 16 of the Fed.R.Crim.P.;" (2) production of *Brady, Giglio* and *Jencks* material; (3) a bill of particulars; (4) "disclosure of evidence pursuant to Federal Rules of Evidence 403, 404(b) and 609;" (5) joinder in

the motions filed by co-defendants; and (6) permission "to make further and additional motions." (Docket # 136).

The defendant has also filed a motion to dismiss the Superseding Indictment herein (Docket #136, ¶ 46). This motion will be addressed separately in a Report, Recommendation and Order of this Court.

The Government has filed a Response in Opposition to the defendant's motion as well as a "Request for Reciprocal Discovery" pursuant to Rule 16(b) of the Fed.R.Crim.P. (Docket #152).

## **DISCUSSION AND ANALYSIS**

**1.    Defendant's Request for "Discovery Under Rules 16 and 12 of the Fed.R.Crim.P."**

The Government represents that it "has fulfilled its obligation of Rule 16 of the [Fed.R.Crim.P] regarding discoverable material and that it recognizes its "continuing obligation to comply as any new information or material becomes available" and that it "will forward to the defense the identity of expert witnesses sought under Rule 16 as they become available." (Docket # 152, pp. 2-3). The Government further represents that it "intends to use all of the evidence disclosed during the voluntary discovery which falls within the scope of Rule 12(b)(4) [of the Fed.R.Crim.P.]." (Docket # 152, p. 4).

Based on the aforesaid representation of the Government, the defendant's request is DENIED on the basis that it is moot.

**2.     Defendant's Request for *Brady, Giglio* and *Jencks* Material.**

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases. (Docket #152, p. 9). The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id*. at 144. With respect to impeachment material

that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 3. Defendant's Request for a Bill of Particulars.

The defendant seeks a detailed bill of particulars describing the times, places and events as well as all of the alleged participants of the conspiracy alleged in Count 1 of the Superseding Indictment (Docket # 128).

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charge in Count 1 of the Superseding Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that

purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Porter, _ F.3d _ (2d Cir. 2007).

**4.     Defendant's Request for "Disclosure of Evidence under Rule 403, 404(b) and 609."**

The defendant seeks disclosure by the Government of the evidence that it intends to use at trial pursuant to Rule 404(b) of the F.R.E. and the Government has stated that "if such information becomes available to the government," it intends "to offer such proof at trial" and that it "will provide this information to the defense pursuant to the District Court's trial scheduling order." (Docket # 152, pp. 2-8).

Rule 404(b) of the F.R.E. only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial."  This has been done, and as a result, defendant's request is DENIED as being moot.

The issue of admissibility of such evidence as raised in the defendant's request is best left to the determination of the trial judge at the time of trial.

As to the defendant's request for Rule 609, F.R.E., information, the Government advises that it "intends to impeach the defendant with [his] criminal history and any probation or parole history should he elect to testify at trial.  Therefore, this request is also DENIED on the basis that it is moot.

### 5. Defendant's Request for Permission to Make Further and Additional Motions.

The defendant seeks permission to file additional motions "for relief upon good cause."  (Docket #136, p. 22).  This request is GRANTED subject to the limitation set forth in the aforesaid quote.

### 6. Defendant's Joinder in Motions filed by his Co-Defendants.

The defendant states that he "joins in the motions of his co-defendants to

the extent that they may apply to him" (Docket #136, p. 21).  This request is GRANTED with the further directive and finding that the decisions made by this Court as to each of the co-defendants' motions joined in by the defendant shall also be deemed to be a finding and ORDER of this Court as to the defendant herein.

**(1)**        **The Government's Reciprocal Rule 16(b) Fed.R.Crim.P. Request:**

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.
_____
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

DATED:    Buffalo, New York
          May 8, 2008