**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                                      06-CR-284S

**JOSE LAO,**

        **Defendant.**
_____

**REPORT, RECOMMENDATION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny in accordance with 28 U.S.C. § 636(b)(1) for all pretrial matters and hear and report upon dispositive motions.

**PRELIMINARY STATEMENT**

The defendant, Jose Lao, ("the defendant") is charged in a Superseding Indictment with having violated Title 21 U.S.C. §§ 846 (Count 1) and 841(a)(1) (Count 2). (Docket #128).

The defendant has filed a motion wherein he seeks an order dismissing the Superseding Indictment herein (Docket # 128) on the basis "that the testimony and evidence presented to the Grand Jury failed to establish, with the requisite degree of proof, that he conspired with the intent to possess or distribute controlled substances in that each and every element constituting the offense(s) were not adequately

established."  (Docket #136, pp. 14-15).

       Is hereby RECOMMENDED that the motion be DENIED for the following reasons.

> [A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1974).

> An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

On a motion to dismiss, the Court may assume the truth of the facts described in the indictment. *United States v Mango*, 199 F3d 85,89 (2d Cir. 1999).

## **CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that defendants' motion (Docket #136), to dismiss be **DENIED**.

_____Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

_____This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. See, e.g., *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.
_____
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**

DATED:    Buffalo, New York
              May 19, 2008

3